UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MJS MUSIC PUBLICATIONS, LLC,**

    **Plaintiff,**

v.                                                       Case No.  8:06-CV-488-T-30EAJ

**HAL LEONARD CORPORATION,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (Dkt. #4), Defendant's Memorandum in Support of Motion to Dismiss Count I of Plaintiff's Complaint (Dkt. #5), and Plaintiff's Response and Supporting Memorandum of Law to Defendant's Motion to Dismiss Count I of the Complaint (Dkt. #10).  The Court, having considered the motion, response, memoranda, and being otherwise advised in the premises, finds that Defendant's motion should be denied.

**Background.**

Plaintiff, MJS Music Publications, LLC ("MJS" or "Plaintiff"), filed a four count complaint based on the following causes of action: Count I - Violation of Fla. Stat. §501.201 *et seq.*; Count II - Defamation; Count III - Defamation *Per Se*; and Count IV - Tortious Interference with Business Relationship.  MJS is an active Florida limited liability company.

In the Complaint, Plaintiff claims that a main source of its income has been e-Bay sales, where MJS places its various guitar instruction titles for auction ("Titles").  Plaintiff alleges that Defendant's employee, David Hall, filed on two separate occasions (November

5, 2005 and November 17, 2005) a Notice of Claim Infringement ("NOCI") with e-Bay indicating that MJS was infringing on its intellectual property rights. The NOCI form was signed under penalty of perjury by Mr. Hall on behalf of Defendant, Hal Leonard Corporation. Plaintiff claims that Defendant specifically made false representations to e-Bay that the Titles listed by MJS were copyrighted material of Defendant. Plaintiff further alleges: MJS is a small, family run business, owned and operated by Mark Sternal, which to date has published and produced seven (7) music instruction Titles; MJS owns the copyright to all of the Titles; and Mr. Sternal authored all of the Titles that MJS offers for sale.

Defendant, Hal Leonard Corporation ("Defendant"), is a leader in the music print industry with over 85,000 available titles, including guitar titles. Defendant distributes and sells its publications worldwide, including Florida, on a daily basis. On March 20, 2006, Defendant filed an Answer and Affirmative Defenses, and filed a motion to dismiss as to Count I. In its motion to dismiss, Defendant argues that Count I of Plaintiff's Complaint should be dismissed because the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") only gives a cause of action to consumers who have been injured in a consumer transaction. Defendant further argues that since MJS did not act in the role of a consumer or purchaser in the context of the transaction at issue, MJS does not qualify as a consumer for purposes of FDUTPA.

**FDUTPA Claims Accruing After July 1, 2001.**

Prior to July 1, 2001, FDUTPA provided that "[i]n any individual action brought by a consumer who has suffered a loss as a result of a violation of this part, such consumer may recover actual damages, plus attorney's fees and court costs." Fla. Stat. §501.211(2).

However, FDUTPA was amended on July 1, 2001, and the amendment replaced the word "consumer" with the word "person."[1] The current version of FDUTPA provides that "[i]n any action brought by a *person* who has suffered a loss as a result of a violation of this part, such *person* may recover actual damages, plus attorney's fees and court costs." (Emphasis added.)  *See* § 501.211(2)., Fla. Stat. Ann., Historical and Statutory Notes.  Courts have found that this amendment demonstrates a clear legislative intent to allow a broader base of complainants who have been injured by violations of FDUTPA to seek damages.  *See Advanced Protection Technologies, Inc. v. Square Company*, 390 F. Supp. 2d 1155 (M.D. Fla. 2005).

### I.   MJS falls within the meaning of a "Consumer" under Fla. Stat. §501.203(7).

Pursuant to Section 501.203(7), "consumer" means "an individual; child, by and through its parent or legal guardian; business; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; any commercial entity, however denominated; or any other group or combination."  §501.203(7), Florida Statutes (2005). MJS, as a Florida limited liability company, certainly falls within the definition of a "consumer."

### II.   MJS has sufficiently pled a violation under FDUTPA.

The FDUTPA declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or

---

[1] The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.  Fla. Stat. §1.01(3).

commerce." Fla. Stat. §501.204(1) (2005). In enacting the FDUTPA, the Florida Legislature made clear that the statute should be "construed liberally" to protect "legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.202(2) (2005); *see Hanson Hams, Inc. v. HBH Franchise Company, LLC*, 3002 WL 22768687 (S.D. Fla. 2003); *see also Advanced Protection Technologies, Inc. v. Square Company*, 390 F. Supp. 2d 1155 (M.D. Fla. 2005). Therefore, when considering whether a defendant's actions support a finding of "unfair methods of competition, unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce," courts have regarded the concept as "extremely broad." *Hanson Hams* at *2, citing *Day v. Le-Jo Enterprises, Inc.*, 521 So. 2d 175, 178 (Fla. 3rd DCA 1988). A practice will be deemed "unfair" when it "offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, (or competitors or other businessmen)." *See id.*

In Count I, Plaintiff alleges: Defendant filed two false NOCIs which cause e-Bay to shut down over 140 MJS auctions on two separate occasions and ultimately caused e-Bay to suspend MJS' e-Bay account; Defendant has admitted that the NOCIs were improper and wrongful; and Defendant's actions constituted deceptive and unfair conduct by Defendant that resulted in damages to Plaintiff. Additionally, Defendant's alleged unfair and deceptive actions of filing the NOCIs were conducted in furtherance of bolstering Defendant's competitive position in the music print industry to the detriment of Plaintiff. Hence, the Complaint alleges that Defendant performed acts that were unfair and deceptive in the

conduct of trade or commerce.[2]  Accordingly, such allegations implicate the broad concerns of FDUTPA enacted to promote policies of protecting legitimate business enterprises from those who engage in unfair methods of competition, and unconscionable, deceptive, and unfair trade practices.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (Dkt. #4) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-488.mt dismiss.wpd

---

[2] "Trade or commerce" means the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated.  Fla Stat. §201.203(8).